UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL BERNARD BAILEY #221117, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00052 ) Judge Trauger ) |
| SAVANNA ROOD, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Michael Bernard Bailey, a pro se inmate at Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, filed a civil rights complaint under 42 U.S.C. § 1983 against RMSI officials Savanna Rood and Kelly Hunt. (Doc. No. 1.) The plaintiff also filed an application to proceed as a pauper. (Doc. No. 2.) The complaint is before the court for initial review under the Prison Litigation Reform Act.

**I.     Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the full filing fee in advance, so the application will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b).

**II.    Initial Review**

The court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). The court must also liberally construe pro

se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

The court has established the following summary of allegations for the purpose of conducting an initial review:

Savanna Rood is a Counselor at RMSI. (Doc. No. 1 at 3–5.) On four occasions—November 5, November 24, December 16, and December 30, 2021—Rood came to the plaintiff's cell door and demanded that the plaintiff perform sexual activity for Rood to watch. (*Id.* at 5.) For example, the plaintiff had to "lick [his] tongue out at her while [he] masturbate[d]." (*Id.*) Rood also made graphic sexual remarks to the plaintiff, including: "You know you want to eat my wet vagina"; that she "like[d] [the plaintiff's] red pu[bic] hairs around [his] penis"; and repeatedly asking if "a white woman ever cum in [the plaintiff's] mouth." (*Id.* at 5–6.) When the plaintiff told Rood that he did not "feel like performing for her," Rood threatened to withhold legal supplies, not call other staff members, and not answer the plaintiff's request forms. (*Id.* at 5.)

On the first three occasions, Rood came to the plaintiff's cell door and looked down inside his cell so no one could "see her watching [the plaintiff] perform for her." (*Id.* at 6.) The plaintiff then realized that, if he stood on something in his cell, a camera in his housing pod would capture the activity. (*Id.* at 5–6.) Therefore, on December 30, 2021, when Rood told the plaintiff that she wanted to see his penis, the plaintiff stood on a stack of books and legal folders in his cell while he masturbated, and this activity was captured by the pod camera. (*Id.*)

The plaintiff filed two grievances against Rood, and Internal Affairs Officer Kelly Hunt refused to investigate them. (*Id.* at 3, 7, 9.) The plaintiff also sent "several request form[s] to" Hunt to ask why she did not respond to the grievances, and he did not receive an answer. (*Id.* at 7, 9.)

B.    **Legal Standard**

To determine if the complaint states a claim for the purpose of initial review, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C.    **Analysis**

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

1.    **Individual-Capacity Claims**

The plaintiff asserts an Eighth Amendment claim against Counselor Rood. (Doc. No. 1 at 6.) The Eighth Amendment "protects prisoners from the unnecessary and wanton infliction of pain." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1093–94 (6th Cir. 2019) (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2012)). An Eighth Amendment claim has objective and subjective components. *Id.* at 1094 (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Id.* (quoting *Curtin*, 631 F.3d at 383). "The subjective component requires that the prison official act with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825,

3

834 (1994)). This component is sometimes satisfied "by a showing of deliberate indifference, such as in cases concerning medical care, conditions of confinement, or abuse perpetrated by an inmate against another inmate. In other contexts, such as when a prisoner alleges excessive force, the subjective component requires a heightened showing that the prison official acted maliciously and sadistically for the very purpose of causing harm." *Id.* (internal citations and quotation marks omitted).

Here, accepting the plaintiff's allegations as true, the plaintiff states an Eighth Amendment claim against Counselor Rood. The Sixth Circuit has affirmed that a prison guard's repeated demands that a prisoner expose their genitals and masturbate are "sufficiently serious," regardless of whether the guard physically touched the prisoner. *See id.* at 1095–96 (holding that prisoner met objective component where guard made "repeated demands that [the prisoner] expose her breasts and masturbate"). And although the Sixth Circuit "has not determined whether deliberate indifference or the heightened malice standard is required to satisfy the subjective component" in this context, Rood's alleged actions reflect a sufficiently culpable state of mind either way. *See id.* at 1096 (holding that guard "could not conceivably offer a legitimate penological justification for his repeated demands that [the prisoner] expose herself and masturbate against her will").

The court notes the plaintiff's allegations that both Counselor Rood and Internal Affairs Officer Hunt violated prison policies. (Doc. No. 1 at 6–9.) To the extent that the plaintiff is asserting Section 1983 claims based solely on the failure to follow prison policies, however, those claims will be dismissed. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").

4

Case 3:22-cv-00052   Document 5   Filed 02/02/22   Page 4 of 6 PageID #: 34

The plaintiff also names Internal Affairs Officer Hunt as a defendant because she failed to act in response to his grievances. (*See* Doc. No. 1 at 7.) However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter*, 532 F.3d at 576 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Similarly, any "claims premised on the mishandling of [] grievances" are subject to dismissal because prisoners "have no constitutional right to an effective prison grievance procedure." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). The plaintiff therefore fails to state an individual-capacity claim against Hunt.

### 2. Official-Capacity Claims

The plaintiff brings this action against the defendants in their individual and official capacities. (Doc. No. 1 at 10.) The individual-capacity claims have been addressed above. Official-capacity claims are equivalent to claims against the entity that a defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Here, as RMSI employees (*see* Doc. No. 1 at 3–4), both defendants represent the Tennessee Department of Correction (TDOC). *See Young v. Hodge*, No. 3:12-0009, 2012 WL 5494892, at *5 (M.D. Tenn. Nov. 13, 2012), *report and recommendation adopted*, 2013 WL 440964 (M.D. Tenn. Feb. 5, 2013) (explaining that, unless they are affiliated with a private contractor, RMSI officials are employed by the TDOC). The TDOC is an "agenc[y] of the state of Tennessee" that is "entitled to Eleventh Amendment immunity from suit for damages." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (internal citations omitted). The plaintiff requests monetary damages only (Doc. No. 1 at 10), so he fails to state a claim against the defendants in their official

capacities as a matter of law. With no other claim against Internal Affairs Officer Hunt, she will be dismissed as a party.

### III. Conclusion

For these reasons, the court concludes that the plaintiff states an Eighth Amendment claim against Counselor Savanna Rood in her individual capacity. This claim will be referred to the Magistrate Judge for further proceedings consistent with the accompanying order. The other claims and defendant will be dismissed.

                                                  ALETA A. TRAUGER
                                                  United States District Judge