UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL BERNARD BAILEY,

      Plaintiff,

v.

SAVANNAH ROOD et al.,

      Defendants.

Case No. 3:22-cv-00052

Judge Aleta A. Trauger
Magistrate Judge Alistair E. Newbern

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

    This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Michael Bernard Bailey's incarceration at Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (Doc. No. 22.) Bailey alleges that Defendant RMSI counselor Savannah Rood violated his Eighth Amendment rights by approaching Bailey's cell door on four occasions and demanding that Bailey perform sexual activity for Rood to watch.[1] (*Id.*)

    Rood has filed two motions to dismiss directed at Bailey's original and amended complaints, respectively, arguing that the Prison Litigation Reform Act's (PLRA) three-strikes rule, 28 U.S.C. § 1915(g), prohibits Bailey from proceeding *in forma pauperis* (IFP) and asking the Court to dismiss this action or, in the alternative, to revoke Bailey's authorization to proceed

---

[1]    Bailey's original complaint alleges that RMSI Internal Affairs Officer Kelly Hunt refused to act on Bailey's grievances about Rood (Doc. No. 1). The Court found that the complaint failed to state any colorable § 1983 claims against Hunt and dismissed her from the action (Doc. Nos. 5, 6).

IFP and require him to pay the Court's civil filing fee in full. (Doc. Nos. 17, 27.) Bailey has responded in opposition to Rood's motions (Doc. Nos. 23, 33), and Rood has filed replies (Doc. Nos. 25, 34.) For the reasons that follow, the Magistrate Judge will recommend that the Court deny Rood's motions to dismiss.

## I.      Background

### A.      The PLRA

Plaintiffs ordinarily must pay $350.00 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) authorizes district courts to waive the filing fee for most individuals who are unable to afford it by granting them IFP status, *id.* § 1915(a)(1). Congress passed the PLRA, in part, because it was concerned that incarcerated plaintiffs proceeding IFP were burdening the federal courts with frivolous lawsuits challenging prison conditions. *See, e.g.*, *Blair-Bey v. Quick*, 151 F.3d 1036, 1040 (D.C. Cir. 1998) ("The PLRA's legislative history makes clear that Congress's principal intent was to reduce frivolous litigation by prisoners challenging conditions of their confinement."); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016) ("[T]he [PLRA]'s supporters indicated that it was meant to curb the volume of non-meritorious, and often frivolous, civil-rights lawsuits brought challenging prison conditions."). As one means of reducing the number of such lawsuits, the PLRA amended the IFP statutes for incarcerated plaintiffs. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) ("Congress sought to put in place economic incentives that would prompt prisoners to 'stop and think' before filing a complaint."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) ("In enacting the PLRA, Congress concluded that the large number of meritless prisoner claims was caused by the fact that prisoners easily obtained I.F.P. status and hence were not subject to the same economic disincentives to filing meritless cases that face other civil litigants."). As amended, the statutes now provide that a grant of IFP status to an incarcerated plaintiff does not

waive the filing fee as it does for plaintiffs who are not in custody. 28 U.S.C. § 1915(a), (b). Instead, an incarcerated plaintiff granted IFP status may file a lawsuit without paying the filing fee, but must pay the filing fee in installments as funds become available in his prison trust account. *Id.* § 1915(b).

The PLRA further restricts incarcerated plaintiffs' ability to proceed IFP by implementing a three-strikes rule. *See Wilson v. Yaklich*, 148 F.3d 596, 602–603 (6th Cir. 1998). The rule, which is codified at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Another provision of the PLRA requires incarcerated plaintiffs to exhaust available administrative remedies at their corrections institutions before filing actions challenging the conditions of their confinement. 42 U.S.C. § 1997e(a). The PLRA also requires courts to screen incarcerated plaintiffs' complaints before they are served on named defendants and dismiss them *sua sponte* if they are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1); *see also* 42 U.S.C. § 1997e(c)(1).

### B.    Factual and Procedural History

Bailey initiated this action by filing a form complaint alleging violations of 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed IFP under 28 U.S.C. § 1915(a) (Doc. No. 2). The Court granted Bailey's IFP application and screened his complaint as required by the IFP statutes, 28 U.S.C. § 1915(e)(2)(B), and the PLRA, *id.* § 1915A; 42 U.S.C. § 1997e(c)(1). (Doc. Nos. 5, 6.) The Court found that Bailey stated a colorable Eighth Amendment claim against Rood

in her individual capacity and dismissed all other claims and defendants for failure to state claims on which relief may be granted. (Doc. Nos. 5, 6.)

Rood appeared (Doc. No. 16) and moved to dismiss Bailey's complaint under the three-strikes rule (Doc. No. 17). Bailey responded in opposition (Doc. No. 23) and filed an amended complaint (Doc. No. 22). Rood filed a reply (Doc. No. 25) and filed a second motion to dismiss Bailey's amended complaint under the three-strikes rule, repeating her arguments from the first motion (Doc. Nos. 27, 28). Bailey responded in opposition to Rood's second motion to dismiss (Doc. No. 33), and Rood filed another reply (Doc. No. 34).

Rood argues that the three-strikes rule prohibits Bailey from proceeding IFP in this action because Bailey has filed at least four prior lawsuits in federal courts while incarcerated that were dismissed for failure to state a claim on which relief may be granted. (Doc. Nos. 18, 28.) The four dismissals Rood identifies as strikes are: (1) *Bailey v. Shelby County*, No. 2:03-cv-02242 (W.D. Tenn. Aug. 12, 2003); (2) *Bailey v. Tennessee*, No. 3:18-cv-00041 (E.D. Tenn. Feb. 12, 2018); (3) *Bailey v. Holloway*, No. 3:19-cv-00319 (E.D. Tenn. Jan. 7, 2020); and (4) *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. May 14, 2020). (Doc. Nos. 18, 28.) Rood also argues that the imminent physical danger exception to § 1915(g) does not apply to Bailey's claims in this case. (Doc. Nos. 18, 28.) She asks the Court to dismiss this action or, in the alternative, to require Bailey to pay the full filing fee within thirty days. (Doc. Nos. 18, 28.)

Bailey argues that only two of the four dismissals Rood identifies count as strikes under § 1915(g) and that the three-strikes rule therefore does not bar him from proceeding IFP in this case. (Doc. Nos. 23, 33.) He concedes that *Bailey v. Holloway* and *Bailey v. Decker* were dismissed for failure to state claims on which relief may be granted and count as strikes under § 1915(g). (Doc. Nos. 23, 33.) Bailey argues that *Bailey v. Shelby County* does not count as a strike because

it was dismissed without prejudice for failure to allege exhaustion of administrative remedies under the PLRA. (Doc. Nos. 23, 33.) Bailey argues that the dismissal for failure to state a claim in *Bailey v. Tennessee* also does not count as a strike because that case was an action for a writ of mandamus regarding Bailey's state-court criminal proceedings and not a civil action for purposes of § 1915(g). (Doc. Nos. 23, 33.) Bailey further argues that, even if he does have three strikes, he can satisfy the imminent physical danger exception to the three-strikes rule. (Doc. Nos. 23, 33.)

Rood replies that the three-strikes rule applies because Bailey has effectively conceded that he has three prior lawsuits that were dismissed for failure to state a claim. (Doc. Nos. 25, 34.) She argues that the *Bailey v. Shelby County* dismissal without prejudice for failure to exhaust administrative remedies should count as a strike because Bailey never proved the merit of the claims he made in that action and that the *Bailey v. Tennessee* dismissal for failure to state a claim should count as a strike because mandamus is a civil remedy. (Doc. Nos. 25, 34.) She further argues that Bailey cannot satisfy the imminent danger exception. (Doc. Nos. 25, 34.)

## II.      Analysis

Bailey filed his amended complaint (Doc. No. 22) as a matter of course within twenty-one days of being served with Rood's first motion to dismiss (Doc. No. 17). Fed. R. Civ. P. 15(a)(1)(B). An amended complaint generally supersedes the original complaint and renders a motion to dismiss the original complaint moot. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 206 (6th Cir. 2000). *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022). As noted above, the parties' filings related to both motions are substantially identical. The Court will therefore recommend that Rood's initial motion to dismiss (Doc. No. 17) be found moot and will address the arguments made in Rood's motion to dismiss Bailey's amended complaint (Doc. No. 27) in this Report and Recommendation.

5

## A. Bailey's Strikes

The party challenging an incarcerated plaintiff's IFP status under the three-strikes rule bears the initial burden to produce evidence showing that the plaintiff has at least three qualifying dismissals of prior actions. *Andrews v. King*, 398 F.3d 1113, 1119–20 (9th Cir. 2005); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 435–36 (D.C. Cir. 2007). If sufficient "evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Thompson*, 492 F.3d at 436 (first citing *Andrews*, 398 F.3d at 1120; and then citing *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811–12 (7th Cir. 1998)). Rood has identified four lawsuits filed by Bailey that were dismissed and that she asserts are strikes under § 1915(g). (Doc. No. 28.) The Court considers each dismissal in turn.[2]

### 1. *Bailey v. Holloway* and *Bailey v. Decker*

Rood argues, and Bailey concedes, that *Bailey v. Holloway* and *Bailey v. Decker* were dismissed for failure to state claims on which relief may be granted and that these dismissals count as strikes under § 1915(g). (Doc. Nos. 28, 33.) The Court agrees that the *Holloway* and *Decker* dismissals count as strikes. The U.S. District Court for the Eastern District of Tennessee's January 7, 2020 memorandum opinion and order in *Holloway* state that the court dismissed Bailey's § 1983 claims *sua sponte* under the IFP statutes and the PLRA for failure to state any claims on which relief may be granted. Memorandum Opinion, *Bailey v. Holloway*, No. 3:19-cv-00319 (E.D. Tenn. Jan. 7, 2020), ECF No. 7; Judgment Order, *Bailey v. Holloway*, No. 3:19-cv-00319 (E.D. Tenn. Jan. 7, 2020), ECF No. 8.

---

[2] The Court may take judicial notice of the records in Bailey's prior cases in determining whether those cases count as strikes under § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (citation omitted)).

Similarly, the U.S. District Court for the Western District of Tennessee's April 1 and May 14, 2020 orders dismissing *Decker* state that the court dismissed Bailey's § 1983 claims in that action *sua sponte* under the IFP statutes and the PLRA for failure to state any claims on which relief may be granted. Order Denying Motion for Injunctive Relief, Dismissing Complaint and Granting Leave to Amend, *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. Apr. 1, 2020), ECF No. 9; Order Dismissing Case, Certifying an Appeal Would Not Be Taken in Good Faith and Notifying Plaintiff of Appellate Filing Fee, *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. May 14, 2020), ECF No. 10. The Western District characterized its dismissal of *Decker* as Bailey's "second strike under § 1915(g)" and cited the Eastern District's dismissal of *Holloway* as Bailey's first strike. Order Dismissing Case, Certifying an Appeal Would Not Be Taken in Good Faith and Notifying Plaintiff of Appellate Filing Fee at 1 & n.1, *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. May 14, 2020), ECF No. 10.

It is thus undisputed that Bailey has at least two strikes under § 1915(g)—one for *Holloway* and one for *Decker*. The question for this Court to determine is whether the dismissals of *Bailey v. Shelby County* and *Bailey v. Tennessee* also count as strikes.

### 2. *Bailey v. Shelby County*

Bailey argues that *Shelby County* is not a strike because the court dismissed that action without prejudice for Bailey's failure to allege exhaustion of administrative remedies under the PLRA. (Doc. No. 33.) The Western District's August 12, 2003 order in *Shelby County* states that the court dismissed Bailey's complaint *sua sponte* and without prejudice under the PLRA because it found that Bailey had not sufficiently alleged that he had exhausted available administrative remedies before filing his complaint. Order Assessing Filing Fee Order of Dismissal Order Certifying Appeal Not Taken in Good Faith and Notice of Appellate Filing Fee, *Bailey v. Shelby Cnty.*, No. 2:03-cv-02242 (W.D. Tenn. Aug. 12, 2003), ECF No. 3. The court relied on then-

binding Sixth Circuit authority which held "that '[a] plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>.'" *Id.* at 8 (alteration in original) (quoting *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated by Jones v. Bock*, 549 U.S. 199 (2007)). The Supreme Court subsequently held in *Jones v. Bock* "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The Sixth Circuit has since held that cases "dismissed *sua sponte* and in their entirety for failure to satisfy [the] now-abrogated requirement that prisoners specifically plead exhaustion of their administrative remedies" are "not dismissals on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted" and therefore are not strikes under § 1915(g). *Feathers v. McFaul*, 274 F. App'x 467, 469 (6th Cir. 2008). The Western District dismissed *Shelby County sua sponte* and in its entirety for Bailey's failure to specifically plead exhaustion of his administrative remedies. Order Assessing Filing Fee Order of Dismissal Order Certifying Appeal Not Taken in Good Faith and Notice of Appellate Filing Fee, *Bailey v. Shelby Cnty.*, No. 2:03-cv-02242 (W.D. Tenn. Aug. 12, 2003), ECF No. 3. Under *Feathers*, that dismissal is not a strike. *Feathers*, 274 F. App'x at 469.

Rood's argument to the contrary is unpersuasive. Rood relies on language from the Sixth Circuit's opinion in *Taylor v. First Medical Management*, 508 F. App'x 488 (6th Cir. 2012), stating that, "[w]hen 'claims dismissed for non-§ 1915(g) reasons are dismissed without prejudice, the action counts as a strike unless the plaintiff proves the claims had merit by refiling any of them and proving that they do not fall within the gamut of § 1915(g).'" (Doc. No. 34, PageID# 182 (quoting *Taylor*, 508 F. App'x at 496).) Rood argues that the *Shelby County* dismissal should

therefore count as a strike because Bailey did not prove the merit of his claims by refiling them. (Doc. No. 34.) But Rood quotes *Taylor* out of context. The language on which she relies addresses "mixed dismissals under § 1915(g) . . . where some claims are dismissed for reasons enumerated in § 1915(g) and others are dismissed without prejudice for failure to exhaust administrative remedies." *Taylor*, 508 F. App'x at 496 (discussing *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007)). The *Taylor* court explained that, under the Sixth Circuit's opinion in *Pointer v. Wilkinson*, "a mixed dismissal counts as a strike" even though some claims were dismissed without prejudice for failure to exhaust because it "would subvert the purpose of the PLRA [to] allow[ ] unexhausted claims to 'inject merit into the action' where all other claims fail.'" *Id.* (quoting *Pointer*, 502 F.3d at 373). But the record shows, and Rood concedes, that the only basis for the dismissal of Bailey's claims in *Shelby County* was his failure to allege exhaustion. The court did not make any merits-based determinations under § 1915(g). Order Assessing Filing Fee Order of Dismissal Order Certifying Appeal Not Taken in Good Faith and Notice of Appellate Filing Fee, *Bailey v. Shelby Cnty.*, No. 2:03-cv-02242 (W.D. Tenn. Aug. 12, 2003), ECF No. 3; (Doc. No. 34, PageID# 182 ("In *Bailey v. Shelby County*, the entirety of [Bailey's] action was dismissed without prejudice for failure to exhaust administrative remedies.")).

Accordingly, the *Shelby County* dismissal was not a mixed dismissal of unexhausted and unmeritorious claims, and neither *Taylor* nor *Pointer* applies. As directed by the Sixth Circuit's opinion in *Feathers*, the full (and now erroneous) dismissal of *Shelby County* without prejudice for failure to allege exhaustion of administrative remedies is not a strike under § 1915(g).[3] *See Feathers*, 274 F. App'x at 469.

_____

[3]     This finding accords with the Western District's subsequent order in *Decker* determining that Bailey's only prior strike was in *Holloway*. Order Dismissing Case, Certifying an Appeal

### 3.    *Bailey v. Tennessee*

In *Bailey v. Tennessee*, Bailey petitioned the court for a writ of mandamus ordering the state courts to transfer him for a post-conviction hearing, explain why he had not heard anything from the state courts regarding his post-conviction case, and appoint counsel to represent him. Petition for Writ of Mandamus, *Bailey v. Tennessee*, No. 3:18-cv-00041 (E.D. Tenn. Jan. 24, 2018), ECF No. 1; Memorandum Opinion, *Bailey v. Tennessee*, No. 3:18-cv-00041 (E.D. Tenn. Feb. 12, 2018), ECF. No. 4. The Eastern District granted Bailey's IFP application and dismissed the action *sua sponte* under the IFP statutes and the PLRA for failure to state a claim on which relief may be granted, finding that federal courts "have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties." Memorandum Opinion at 3, *Bailey v. Tennessee*, No. 3:18-cv-00041 (E.D. Tenn. Feb. 12, 2018), ECF No. 4 (quoting *Woods v. Weaver*, 13 F. App'x 304, 306 (6th Cir. 2001)). Bailey argues that the dismissal does not count as a strike because a petition for a writ of mandamus addressing his post-conviction proceedings is not a civil action within the meaning of § 1915(g). (Doc. No. 33.) Rood argues that the dismissal in *Tennessee* should count as a strike because mandamus "is a civil remedy". (Doc. No. 34, PageID# 182 (citing *Marbury v. Madison*, 5 U.S. 137, 150 (1983)).)

Whether the dismissal of a petition for a writ of mandamus counts as a strike under § 1915(g) depends upon the nature of the underlying litigation that the writ is sought to address. Specifically, "[a] petition for writ of mandamus is a 'civil action' within the meaning of 28 U.S.C. § 1915(g), and as such, is counted toward the three strikes where . . . the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action."

---

Would Not Be Taken in Good Faith and Notifying Plaintiff of Appellate Filing Fee at 1 & n.1, *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. May 14, 2020), ECF No. 10.

*Sanders v. Bragg*, No. 3:16-cv-2919, 2016 WL 7241315, at *3 n.1 (M.D. Tenn. Dec. 15, 2016) (first citing *In re Kissi*, 652 F.3d 39, 41–42 (D.C. Cir. 2011); then citing *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); and then citing *Green v. Nottingham*, 90 F.3d 415, 417–418 (10th Cir. 1996)). "A petition for mandamus in a criminal proceeding," on the other hand, "is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness." *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (considering whether a petition for mandamus was a civil action for purposes of 28 U.S.C. § 1915(b)(1)). Accordingly, "[m]ost of the circuits to have considered" the dismissal of a mandamus petition under the PLRA have adopted the Seventh Circuit's conclusion in *Martin* that mandamus petitions "directly challeng[ing] underlying criminal proceedings" are not civil actions and are not counted as strikes. *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). *See Banks v. Hornak*, 698 F. App'x 731, 739 (4th Cir. 2017) (assuming without deciding that mandamus petitions "that seek relief in preexisting criminal proceedings" are not subject to the three-strikes rule); *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (holding that, "where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for mandamus need not comply with the PLRA") (superseded on other grounds by 3d Cir. L.A.R. 24.1(c)); *In re Nagy*, 89 F.3d 115, 117 & 117 n.1 (2d Cir. 1996) (holding that, "if a prisoner seeks a writ of mandamus directed to a judge conducting a criminal trial, the application is not within the category of lawsuits to which the PLRA was aimed" and that "[w]hether the PLRA applies to a writ of mandamus directed to a judge conducting a civil lawsuit would normally depend on whether the writ was simply an alternative device for obtaining the relief sought in civil actions that are covered by the PLRA"). *Cf. In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding that, because the PLRA does not apply to habeas corpus proceedings, a

mandamus petition arising out of a § 2255 action was not subject to the fee-payment requirements of the PLRA).

Bailey's mandamus petition in *Bailey v. Tennessee* sought relief related to his state-court criminal proceedings. He did not use it to pursue relief that could have been sought in a civil action addressing the conditions of his confinement. *Cf. Sanders*, 2016 WL 7241315, at *2–3 (assessing strike under § 1915(g) for dismissal of petition for writ of mandamus where petition alleged that state-court judge violated petitioner's due process rights by forcing petitioner to accept plea agreement and discriminating against petitioner during sentencing). Thus, the Eastern District's dismissal of *Tennessee* should not count as a strike under § 1915(g).[4]

Bailey has sufficiently explained why the dismissal of *Shelby County* and *Tennessee* should not count as strikes under § 1915(g). Because Rood has identified only two other actions that are strikes under § 1915(g), Bailey's filing of this action is not subject to the three-strikes rule.

### B. The Imminent Physical Danger Exception

Because Bailey's present action is not subject to the three-strikes rule, the Court need not consider whether he can satisfy the imminent physical danger exception to that rule. *See Feathers*, 274 F. App'x at 469 & n.1 (declining to address imminent physical danger exception after holding "that at least two of the four prior dismissals should not have been counted as 'strikes'"); *Perkins v. Lora*, Civ. No. 11-10794, 2011 WL 1790460, at *3 n.1 (E.D. Mich. May 10, 2011) (declining to address imminent physical danger exception after finding plaintiff did not have three strikes).

---

[4]     Again, this finding accords with the Western District's subsequent order in *Decker* determining that Bailey's only prior strike was the Eastern District's dismissal of *Holloway*. Order Dismissing Case, Certifying an Appeal Would Not Be Taken in Good Faith and Notifying Plaintiff of Appellate Filing Fee at 1 & n.1, *Bailey v. Decker*, No. 1:19-cv-01197 (W.D. Tenn. May 14, 2020), ECF No. 10.

**III.    Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Rood's original motion to dismiss be FOUND MOOT (Doc. No. 17) and her second motion to dismiss be DENIED (Doc. No. 27).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of January, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge